

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

Judge Ralph R. Erickson
Magistrate Judge Karen K. Klein

| | |
|---|---|
| UNIVERSITY OF NORTH DAKOTA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JAMES HARDIE RESEARCH PTY, LTD., an Australian Corporation, JAMES HARDIE BUILDING PRODUCTS, INC., a Nevada Corporation, JAMES HARDIE INT'L FINANCE B.V., a Netherlands Corporation, certain FURNACE EQUIPMENT, certain FURNACE EQUIPMENT DESIGNS, certain FURNACE SPECIFICATIONS, and DOES 1-10, | ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| JAMES HARDIE BUILDING PRODUCTS, INC., and JAMES HARDIE INT'L FINANCE B.V., | ) ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ENERGY & ENVIRONMENTAL RESEARCH CENTER, and DOES 1 through 50, inclusive, | ) ) ) |
| | ) |
| Defendants. | ) |

**REPLY OF JAMES HARDIE RESEARCH PTY, LTD.; JAMES HARDIE BUILDING PRODUCTS, INC.; AND JAMES HARDIE INT'L FINANCE B.V. TO UNIVERSITY OF NORTH DAKOTA'S COUNTERCLAIMS TO THIRD AMENDED COMPLAINT**

Civil File No. A2-04-152

Civil File No. A2-05-44

JAMES HARDIE RESEARCH PTY, LTD.; JAMES HARDIE BUILDING PRODUCTS, INC.; AND JAMES HARDIE INT'L FINANCE B.V. ("JH") hereby reply to the counterclaim of UNIVERSITY OF NORTH DAKOTA ("UND"), filed on December 20, 2005, as follows:

## NATURE OF ACTION

1.     JH admits that this is an action for a temporary restraining order, preliminary injunction and permanent injunction.  JH denies any remaining allegations contained in Paragraph 1 of the Counterclaim.

2.     JH admits that this is an action for damages under the North Dakota Uniform Trade Secrets Act.  JH denies that N.D.C.C. § 45 corresponds to that Act, and denies any remaining allegations contained in Paragraph 2 of the Counterclaim.

3.     JH admits that this is an action for breach of contract.  JH denies any remaining allegations contained in Paragraph 3 of the Counterclaim.

4.     JH admits that this purports to be an *in rem* action to determine ownership of certain furnace equipment, designs and specifications.  JH denies any remaining allegations contained in Paragraph 4 of the Counterclaim.

## THE PARTIES

5.     JH admits that Plaintiff is University of North Dakota ("UND").  JH lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 5 of the Counterclaim, and therefore denies the same.

6.     JH admits that UND purports to be bringing suit on behalf of the Energy and Environmental Research Center ("EERC"), but denies that EERC is a division of UND.

7.     JH admits that EERC purports to be founded in 1951, but denies the remaining allegations in Paragraph 7 of the Counterclaim.

8.     JH admits that EERC is a research facility, but lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 8 of the Counterclaim, and therefore denies the same.

9.      JH admits that UND purports to believe that EERC is the world's leading research and development center for coal based technologies.

10.     JH lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Counterclaim, and therefore denies the same.

11.     JH denies the allegations contained in Paragraph 11 of the Counterclaim.

12.     JH admits the allegations contained in Paragraph 12 of the Counterclaim.

13.     JH admits the allegations contained in Paragraph 13 of the Counterclaim.

14.     JH admits the allegations contained in Paragraph 14 of the Counterclaim.

15.     JH admits the allegations contained in Paragraph 15 of the Counterclaim.

16.     JH admits the allegations contained in Paragraph 16 of the Counterclaim.

17.     JH denies the allegations contained in Paragraph 17 of the Counterclaim.

18.     JH denies the allegations contained in Paragraph 18 of the Counterclaim.

19.     JH admits that this purports to be an *in rem* action to determine title to certain furnace equipment, designs and specifications located within Grand Forks, North Dakota

20.     JH lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Counterclaim, and therefore denies the same.

21.     JH denies the allegations contained in Paragraph 21 of the Counterclaim.

22.     JH denies the allegations contained in Paragraph 22 of the Counterclaim.

23.     JH denies the allegations contained in Paragraph 23 of the Counterclaim.

24.     JH lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the Counterclaim, and therefore denies the same.

25.     JH lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Counterclaim, and therefore denies the same.

26.     JH lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of the Counterclaim, and therefore denies the same.

27.     JH lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of the Counterclaim, and therefore denies the same.

## BACKGROUND OF THE CASE

28.     JH admits the allegations contained in Paragraph 28 of the Counterclaim.

29.     JH admits the allegations contained in Paragraph 29 of the Counterclaim.

30.     JH admits the allegations contained in Paragraph 30 of the Counterclaim.

31.     JH admits that cenospheres have application for building materials and that building materials produced with cenospheres may have increased strength and reduced weight, thereby potentially improving the strength-to-weight ratio.  JH denies the remaining allegations contained in Paragraph 31 of the Counterclaim.

32.     JH admits that cenospheres may contribute to buoyancy, insulation, shrinkage and warping properties in at least some applications.

33.     JH admits the allegations contained in Paragraph 33 of the Counterclaim.

34.     JH admits the allegations contained in Paragraph 34 of the Counterclaim.

35.     JH denies the allegations contained in Paragraph 35 of the Counterclaim.

36.     JH admits the allegations contained in Paragraph 36 of the Counterclaim.

37.     JH lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of the Counterclaim, and therefore denies the same.

38.     JH lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of the Counterclaim, and therefore denies the same.

39.     JH lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 of the Counterclaim, and therefore denies the same.

40.     JH lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 of the Counterclaim, and therefore denies the same.

41.     JH lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of the Counterclaim, and therefore denies the same.

42.     JH admits that in the year 2000 JH contacted Dr. Steven Benson to consider certain co-operative research projects.  JH denies the remaining allegations contained in paragraph 42 of the Counterclaim.

43.     JH admits that it entered into a contract with EERC for an initial project entitled "Survey of North American Power Stations" which included a literature search and a survey on cenosphere production from coal burning power plants in North America.   JH denies the remaining allegations contained in paragraph 43 of the Counterclaim.

44.     JH admits that a report was provided to JH by EERC on or about March 30, 2001.   JH denies the remaining allegations contained in paragraph 44 of the Counterclaim.

45.     JH admits the allegations contained in Paragraph 45 of the Counterclaim.

46.     JH admits that between approximately February 2001 and July 2001 EERC and JH Research and JH Building conducted negotiations concerning various matters relating to their cooperative research including ownership of intellectual property.   JH denies the remaining allegations contained in Paragraph 46 of the Counterclaim.

47.     JH admits the allegations contained in Paragraph 47 of the Counterclaim.

48.     JH admits that it was a purpose of the Contract that EERC would perform confidential research and development involving fly ash and the production of cenospheres from fly ash.   JH denies the remaining allegations contained in Paragraph 48 of the Counterclaim.

49.     JH admits the allegations contained in Paragraph 49 of the Counterclaim.

50.     JH admits that Article 13 of the Contract included the passage set out in Paragraph 50 of the Counterclaim.  JH denies the remaining allegations contained in Paragraph 50 of the Counterclaim.

51.     JH admits that there are at least twenty-two written amendments to the Contract.  JH denies the remaining allegations contained in Paragraph 51 of the Counterclaim.

52.     JH admits that, on or around March 5, 2003, the parties agreed to an add-on to the Contract.  JH denies the remaining allegations contained in Paragraph 52 of the Counterclaim.

53.     JH denies the allegations contained in Paragraph 53 of the Counterclaim.

54.     JH denies the allegations contained in Paragraph 54 of the Counterclaim.

55.     JH denies the allegations contained in Paragraph 55 of the Counterclaim.

56.     JH denies the allegations contained in Paragraph 56 of the Counterclaim.

57.     JH denies the allegations contained in Paragraph 57 of the Counterclaim.

58.   JH denies the allegations contained in Paragraph 58 of the Counterclaim.

59.   JH denies the allegations contained in Paragraph 59 of the Counterclaim.

60.   JH denies the allegations contained in Paragraph 60 of the Counterclaim.

61.   JH denies the allegations contained in Paragraph 61 of the Counterclaim..

62.   JH denies the allegations contained in Paragraph 62 of the Counterclaim.

63.   JH denies the allegations contained in Paragraph 63 of the Counterclaim.

64.   JH denies the allegations contained in Paragraph 64 of the Counterclaim.

65.   JH denies the allegations contained in Paragraph 65 of the Counterclaim.

66.   JH denies that EERC trade secrets would be or were included or disclosed in the patent applications, and JH admits that no prior notice was provided to EERC as none was required.  JH denies any remaining allegations contained in Paragraph 66 of the Counterclaim.

67.   JH admits the allegations contained in Paragraph 67 of the Counterclaim.

68.   JH admits that it has patent applications pending.  JH denies the remaining allegations contained in Paragraph 68 of the Counterclaim.

69.   JH admits the allegations contained in Paragraph 69 of the Counterclaim.

70.   JH denies the allegations contained in Paragraph 70 of the Counterclaim.

71.   JH denies the allegations contained in Paragraph 71 of the Counterclaim.

72.   JH denies the allegations contained in Paragraph 72 of the Counterclaim.

73.   JH denies the allegations contained in Paragraph 73 of the Counterclaim.

74.   JH denies the allegations contained in Paragraph 74 of the Counterclaim.

75.   JH denies the allegations contained in Paragraph 75 of the Counterclaim.

76.   JH denies the allegations contained in Paragraph 76 of the Counterclaim.

77.   JH denies the allegations contained in Paragraph 77 of the Counterclaim.

78.   JH denies the allegations contained in Paragraph 78 of the Counterclaim.

79.   JH admits it requested that EERC return JH's furnace.  JH denies the remaining allegations contained in Paragraph 79 of the Counterclaim.

80.   JH admits the allegations contained in Paragraph 80 of the Counterclaim.

81.     JH denies the allegations contained in Paragraph 81 of the Counterclaim.

82.     JH denies the allegations contained in Paragraph 82 of the Counterclaim.

83.     JH admits the allegations contained in Paragraph 83 of the Counterclaim.

84.     JH admits the allegations contained in Paragraph 84 of the Counterclaim.

85.     JH admits the allegations contained in Paragraph 85 of the Counterclaim.

86.     JH admits the allegations contained in Paragraph 86 of the Counterclaim.

87.     JH admits the allegations contained in Paragraph 87 of the Counterclaim.

## COUNT ONE

### MISAPPROPRIATION OF NORTH DAKOTA TRADE SECRETS

88.     JH repeats, realleges and fully incorporates herein by reference its responses to Paragraphs 1 through 87 of the Counterclaim.

89.     JH admits the allegations contained in Paragraph 89 of the Counterclaim.

90.     JH denies that N.D.C.C. § 45 corresponds to the North Dakota Uniform Trade Secrets Act, but admits the remaining allegations contained in Paragraph 90 of the Counterclaim.

91.     JH denies the allegations contained in Paragraph 91 of the Counterclaim.

92.     JH denies the allegations contained in Paragraph 92 of the Counterclaim.

93.     JH denies the allegations contained in Paragraph 93 of the Counterclaim.

94.     JH denies the allegations contained in Paragraph 94 of the Counterclaim.

95.     JH denies the allegations contained in Paragraph 95 of the Counterclaim.

96.     JH denies the allegations contained in Paragraph 96 of the Counterclaim.

97.     JH denies the allegations contained in Paragraph 97 of the Counterclaim.

98.     JH denies the allegations contained in Paragraph 98 of the Counterclaim.

99.     JH denies the allegations contained in Paragraph 99 of the Counterclaim.

100.    JH denies the allegations contained in Paragraph 100 of the Counterclaim.

101.    JH denies the allegations contained in Paragraph 101 of the Counterclaim.

## COUNT TWO

### BREACH OF NORTH DAKOTA CONTRACT

102.   JH repeats, realleges and fully incorporates herein by reference its responses to Paragraphs 1 through 101 of the Counterclaim.

103.   JH admits the allegations contained in Paragraph 103 of the Counterclaim.

104.   JH admits that this is a claim for breach of contract.  JH denies the remaining allegations contained in Paragraph 104 of the Counterclaim.

105.   JH denies the allegations contained in Paragraph 105 of the Counterclaim.

106.   JH denies the allegations contained in Paragraph 106 of the Counterclaim.

107.   JH denies the allegations contained in Paragraph 107 of the Counterclaim.

108.   JH denies the allegations contained in Paragraph 108 of the Counterclaim.

109.   JH denies the allegations contained in Paragraph 109 of the Counterclaim.

110.   JH denies the allegations contained in Paragraph 110 of the Counterclaim.

## COUNT THREE

### *IN REM* ACTION TO DECIDE OWNERSHIP OF CERTAIN FURNACE EQUIPMENT

111.   JH repeats, realleges and fully incorporates herein by reference its responses to Paragraphs 1 through 110 of the Counterclaim.

112.   JH admits the allegations contained in Paragraph 112 of the Counterclaim.

113.   JH lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 113 of the Counterclaim, and therefore denies the same.

114.   JH lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 114 of the Counterclaim, and therefore denies the same.

115.   JH denies the allegations contained in Paragraph 115 of the Counterclaim.

116.   JH denies the allegations contained in Paragraph 116 of the Counterclaim.

117.   JH denies the allegations contained in Paragraph 117 of the Counterclaim.

118.   JH denies the allegations contained in Paragraph 118 of the Counterclaim.

119.   JH denies the allegations contained in Paragraph 119 of the Counterclaim.

120.   JH denies the allegations contained in Paragraph 120 of the Counterclaim.

121.    JH admits that UND is requesting the judgment expressed in Paragraph 121 of the Counterclaim.

## COUNT FOUR

### BREACH OF CONTRACT

122.    JH repeats, realleges and fully incorporates herein by reference its responses to Paragraphs 1 through 121 of the Counterclaim.

123.    JH admits that Article 10 of the Contract states: "If Contractor shall fail to fulfill one or more of its obligations under this Agreement or breach any one or more of the terms and conditions of this Agreement, Sponsor may, upon its election, at any time terminate this Agreement by giving not less than thirty (30) days' prior written notice of termination to Contractor specifying any such breach or default. . . . Either party may terminate this Agreement for convenience by thirty (30) days' written notice to the other party."  JH denies the remaining allegations contained in Paragraph 123 of the Counterclaim.

124.    JH denies the allegations contained in Paragraph 124 of the Counterclaim.

125.    JH denies the allegations contained in Paragraph 125 of the Counterclaim.

126.    JH denies the allegations contained in Paragraph 126 of the Counterclaim.

### AFFIRMATIVE DEFENSES

**First Affirmative Defense**

127.    UND's counterclaims are barred by the doctrines of fraud and unclean hands.

**Second Affirmative Defense**

128.    UND's counterclaims fail to state a claim upon which relief can be granted.

**Third Affirmative Defense**

129.    UND, by its conduct or the conduct of others, is estopped from raising each and every cause of action or claim or any of them stated in the Counterclaim.

**Fourth Affirmative Defense**

130.    UND, by its conduct or the conduct of others, waived its rights to raise each and every cause of action or claim or any of them stated in the Counterclaim.

## Fifth Affirmative Defense

131.    The data and information UND alleges to have been misappropriated does not satisfy the definition of "Trade secret" under § 47-25.1-01.4 of the North Dakota Century Code.

## Sixth Affirmative Defense

132.    Any alleged failure by JH to maintain the confidentiality of UND's "trade secrets and other confidential information" is excused to avoid frustrating the purpose of the Contract.

## Seventh Affirmative Defense

133.    Any alleged failure by JH to maintain the confidentiality of Plaintiff's "trade secrets and other confidential information" was caused by Plaintiff's failure to perform its obligations under the contract, including its failure to notify JH of any intellectual property "potentially patentable or otherwise protectable and whether it relates to the building and construction industry or not."

## Eighth Affirmative Defense

134.    To the extent UND establishes liability and any damages, its damages must be reduced by any and all consequences UND unreasonably failed to avoid.

WHEREFORE, JH prays as follows:

A.  That UND's Counterclaims be dismissed with prejudice; and

B.  That JH be awarded such other and further relief as this Court deems proper.

Respectfully submitted,

Dated:_____1/12/06_____          By:_____
                                         Mark Hanson (#04697)
                                         NILLES LAW FIRM
                                         1800 Radisson Tower
                                         201 North Fifth Street
                                         P.O. Box 2626
                                         Fargo, ND  58108-2626
                                         Telephone:  701-237-5544
                                         Facsimile:  701-280-0762

                                         Attorneys for JAMES HARDIE RESEARCH PTY, LTD.;
                                         JAMES HARDIE BUILDING PRODUCTS, INC.; and
                                         JAMES HARDIE INT'L FINANCE B.V.

2249412
122805

STATE OF NORTH DAKOTA )
                                ) SS

COUNTY OF CASS               ) .                        **AFFIDAVIT OF SERVICE**

        BRENDA JO BRUNELLE, being first duly sworn on oath, deposes and says that she is of legal age, is a resident of Fargo, North Dakota, not a party to nor interested in the action, and that she served the attached:

**REPLY OF JAMES HARDIE RESEARCH PTY, LTD.; JAMES HARDIE BUILDING PRODUCTS, INC.; AND JAMES HARDIE INT'L FINANCE B.V. TO UNIVERSITY OF NORTH DAKOTA'S COUNTERCLAIMS TO THIRD AMENDED COMPLAINT**

on:

**Michael S. Neustel**
**Attorney at Law**
**2534 S. University Dr., Ste. 4**
**Fargo, ND 58103**
**michael@neustel.com**

**Sara Gullickson McGrane**
**FELHABER, LARSON, FENLON & VOGT**
**220 South 6th Street, Suite 2200**
**Minneapolis MN 55402-4504**
**smcgrane@felhaber.com**

By E-mail and United States First Class Mail on January 12, 2006, pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, a true and correct copy thereof to each person above named at above address and facsimile number.

        That the undersigned knows the person served to be the person named in the papers served and the person intended to be served.

                                           Brenda Jo Brunelle

**SUBSCRIBED AND SWORN** to before me, on January 12, 2006.

                                                    Notary Public

DAWN M DOYEL
Notary Public
State of North Dakota
(SEAL)
My Commission Expires Apr. 29, 2010