IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| University of North Dakota, ) | |
| ) | |
| Plaintiff, ) | **ORDER DENYING MOTION TO** |
| ) | **ACCEPT PETITION AS NOTICE OF** |
| vs. ) | **APPEAL AND DENYING MOTION** |
| ) | **FOR EXTENSION OF TIME** |
| James Hardie Research Pty, Ltd., an ) | |
| Australian Corporation, James Hardie ) | |
| Building Products, Inc., a Nevada ) | Civil File No. 2:04-cv-152 |
| Corporation, James Hardie Int'l Finance ) | |
| B.V., a Netherlands Corporation, certain ) | |
| Furnace Equipment, certain Furnace ) | |
| Equipment Designs, certain Furnace ) | |
| Specifications, and Does 1-10, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| James Hardie Building Products, Inc. and ) | |
| James Hardie Int'l Finance B.V., ) | |
| ) | Civil File No. 2:05-cv-44 |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| Energy & Environmental Research ) | |
| Center, and Does 1 through 50, inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is a motion by Plaintiff, the University of North Dakota ("UND"),

requesting the Court order the clerk to accept the Petition for Permission to Appeal filed with the

Eighth Circuit Court of Appeals as a Notice of Appeal.  (Doc. #358).  Alternatively, UND moves

the Court for an extension of time to file a proper Notice.  Concluding there is no reasonable

interpretation of the case law, statutes, or the facts of this case that would allow the Court to grant either motion, UND's motion is denied.

## Statement of the Case

On October 16, 2006, the parties jointly filed a Joint Stipulation for Entry of Separate Judgment Under Rule 54(b) and a Petition for Certification to Appeal (Docs. #344 and 345, respectively).  The Court entered Judgment pursuant to Rule 54(b) and granted the Petition for Certification to appeal (Docs. #350 and 349, respectively).

UND promptly filed its Petition for Permission to Appeal ("Petition"), with the Eighth Circuit Court of Appeals on October 26, 2006.  The Petition stated:

> Petitioners, the University of North Dakota and its division, the Energy and Environmental Research Center (collectively "UND/EERC"), pursuant to the provisions of Rule 5 of the Federal Rules of Appellate Procedure, file this petition for permission to bring an appeal under 28 U.S.C. § 1292(b), from the Memorandum Opinion and Order on James Hardie Parties' Motion for Partial Summary Judgment entered by the United States District Court for the District of North Dakota on June 27, 2006 ("Memorandum Opinion and Order"), in [these] cases . . .  The Memorandum Opinion and Order has also been certified by the District Court pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

On October 31, 2006, well within the time frame for filing a notice of appeal, the Eighth Circuit Court of Appeals sent an acknowledgment to counsel, indicating "Petition for permission to appeal pursuant to 28 U.S.C., section 1292(b) has been received and filed."  At no point did UND file any documentation with the district court.  The Eighth Circuit denied permission to take interlocutory appeal, and UND's Motion followed.

## Analysis

<u>Accepting Petition as a Notice of Appeal</u>.  UND argues the Court should accept the Petition as a Notice of Appeal.  UND argues its position is supported by Rule 3(c)(4), Fed. R. App. P., which

states, "An appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice."

The Supreme Court holds that notices of appeal should be construed broadly, and technical variances from the letter of Rule 3 are not necessarily fatal.  Smith v. Barry, 502 U.S. 244, 248 (1992).  However, Rule 3 is jurisdictional in nature, and noncompliance with the rule cannot be excused by the principle of liberal construction: "Although courts should construe Rule 3 liberally when determining whether it has been complied with, noncompliance is fatal to an appeal."  Id.

In Smith, a notice of appeal was filed prematurely by the petitioner.  502 U.S. at 246.  The Clerk responded by sending all parties an "informal brief," which the petitioner completed and submitted within the deadline for filing a notice of appeal.  Id. at 246-47.  The Fourth Circuit dismissed the petitioner's appeal, but the Supreme Court reversed, holding that "[i]f a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal."  Id. at 249.

Here, UND alleges it timely filed its Petition and included all information required by Rule 3(c)(1), Fed. R. App. P.  Rule 3(c)(1) requires the notice "specify the party or parties taking the appeal," "designate the judgment, order, or part thereof being appealed," and " name the court to which the appeal is taken."  In fact, the Petition does all these things.  It contains a full caption, indicating the parties appealing, specifies it seeks permission to appeal "from the Memorandum Opinion and Order on James Hardie Parties' Motion for Partial Summary Judgment entered by the United States District Court for the District of North Dakota on June 27, 2006," and indicates in the header, "Court of Appeals for the Eighth Circuit."  However, UND does not discuss the other requirements set forth by Rule 3, Fed. R. App. P.  The rule states, in pertinent part:

(a) Filing the Notice of Appeal.

> (1) An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4. At the time of filing, the appellant must furnish the clerk with enough copies of the notice to enable the clerk to comply with Rule 3(d).

> (2) An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers appropriate, including dismissing the appeal.

> (3) An appeal from a judgment by a magistrate judge in a civil case is taken in the same way as an appeal from any other district court judgment.

> (4) An appeal by permission under 28 U.S.C. § 1292(b) or an appeal in a bankruptcy case may be taken only in the manner prescribed by Rules 5 and 6, respectively.

. . . .

(c) Contents of the Notice of Appeal.

> (1) The notice of appeal must:

>> (A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice, but an attorney representing more than one party may describe those parties with such terms as "all plaintiffs," "the defendants," "the plaintiffs A, B, et al.," or "all defendants except X";

>> (B) designate the judgment, order, or part thereof being appealed; and

>> (C) name the court to which the appeal is taken.

. . . .

>> (4) An appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice.

. . . .

4

(d) Serving the Notice of Appeal.

> (1) The district clerk must serve notice of the filing of a notice of appeal by mailing a copy to each party's counsel of record -- excluding the appellant's -- or, if a party is proceeding pro se, to the party's last known address. When a defendant in a criminal case appeals, the clerk must also serve a copy of the notice of appeal on the defendant, either by personal service or by mail addressed to the defendant. The clerk must promptly send a copy of the notice of appeal and of the docket entries -- and any later docket entries -- to the clerk of the court of appeals named in the notice. The district clerk must note, on each copy, the date when the notice of appeal was filed.

. . . .

> (3) The district clerk's failure to serve notice does not affect the validity of the appeal. The clerk must note on the docket the names of the parties to whom the clerk mails copies, with the date of mailing. Service is sufficient despite the death of a party or the party's counsel.

(e) Payment of Fees. Upon filing a notice of appeal, the appellant must pay the district clerk all required fees. The district clerk receives the appellate docket fee on behalf of the court of appeals.

At no time during the time to file an appeal did UND file any sort of Notice or Petition with the district court[1] as Rule 3(a)(1) requires. As a result, the district clerk did not serve a notice as required by Rule 3(d)(1). Additionally, UND failed to pay the requisite filing fees as required by Rule 3(e). These numerous errors and omissions cannot reasonably be ignored through the rose-colored glasses of "liberal construction."

UND cites two cases in support for its proposition that a Petition for Permission to Appeal may be treated as a Notice of Appeal. In Landano v. Rafferty, 970 F.2d 1230, 1237 (3d Cir. 1992), the State's Petition for Permission to File an Appeal was treated as a Notice of Appeal because the

---

[1]This alone would not be fatal to an appeal. Rule 4(a)(1), Fed. R. App. P., allows a district court to treat a Notice of Appeal erroneously filed with an appellate court as if it were properly filed in district court on the day the Court of Appeals received it.

appeal was from an order granting bail, which was "plainly appealable as a collateral order," rather than being an unappealable interlocutory order.  Id.  In Landano, an interlocutory appeal was unavailable because the State failed to seek certification from the district court.  Id.  In United States v. Moats, 961 F.2d 1198, 1204 (5th Cir. 1992), a Notice of Appeal was properly filed and then nullified by a Motion for Reconsideration.  The Fifth Circuit Court of Appeals held a later-filed Petition for Permission to Appeal could be treated as a Notice, thus resurrecting the appeal.  Id.

The James Hardie parties oppose UND's position, arguing that neither Landano nor Moats apply because those cases involved clear mistakes that are not present here.  In fact, in both Landano and Moats, interlocutory appeal was not available because the district court had not certified; thus, the only appeal that could be made was an appeal as of right.  Here, UND alleges it intended to seek permissive appeal as well as appeal as of right, and it is undisputed that its Petition was properly before the Eighth Circuit.

The Fifth Circuit, in a predecessor to Moats, stated an appellate court has the discretion, when the interests of justice so require, to disregard irregularities in the form or procedure for filing a notice of appeal.  Browning v. Navarro, 887 F.2d 553, 558 (5th Cir. 1989).  The Eighth Circuit has similarly allowed documents, improper in form, to be treated as Notices of Appeal, when the intent to appeal is apparent.  See Turner v. Armontrout, 922 F.2d 492 (8th Cir. 1991) (Holding that pro se motion for certificate of probable cause gave adequate notice, satisfied jurisdictional requirements of Rule 3, and exhibited petitioner's intent to appeal); Schibursky v. Int'l Business Machines, 89 F.3d 841, 1996 WL 351141 *2 (1996) (Holding that pro se petitioner's intent to appeal the judgment was obvious from her timely filing a "Form A" with the district court, all necessary information was contained therein, and it was therefore the functional equivalent of a Notice of Appeal).

6

Here, there is no persuasive argument that the interests of justice support UND's requested relief.  Moreover, the facts are completely devoid of any indication that UND <u>intended</u> to take an appeal as of right, beyond UND's hindsight assertions that the idea it would choose to "gamble with their clients best interest is absurd." (Doc. #364, p. 2).  UND's Petition, filed by counsel on October 26, 2006, is characterized as a "Petition for Permission to Appeal."  On October 31, 2006, well within the time frame for filing a notice of appeal, the Eighth Circuit Court of Appeals sent an acknowledgment to counsel, indicating "Petition for permission to appeal pursuant to 28 U.S.C., section 1292(b) has been received and filed."  At no point did UND file any documentation with or pay any fees to the district court.  Even now, UND does not claim it did not intend to file a Petition for permissive appeal.  Rather, UND suggests it filed this sole Petition only with the Court of Appeals, fully intending it be treated in the appellate court as a Petition for Permission to Take Interlocutory Appeal and in the district court as a Notice of Appeal.

Every case cited by UND involved some sort of mistake or misunderstanding, and the intent of the parties to appeal was obvious.  Additionally, in none of these cases were the parties able to seek permissive appeal, so appeal as of right was the only option.  Due to the fact that UND was represented by counsel, its contrary intent is apparent from the Petition, and it received repeated communications from the Eighth Circuit acknowledging the filing was being treated as a Petition, it does not appear that the interests of justice could reasonably support the relief requested.  UND's Motion to Accept Petition as Notice of Appeal is **DENIED.**

<u>Extension of Time.</u>  UND alternatively argues it should be granted an extension of time to file a notice of appeal.  Rule 4(a)(5), Fed. R. App. P., allows a district court to extend the time to file a notice of appeal if: 1) a party so moves for an extension no later than 30 days after the time under

Rule 4(a) expires, and 2) the party shows excusable neglect or good cause.  It is undisputed that UND's motion is timely, so the only issue to be resolved is whether excusable neglect or good cause have been shown.

The Eighth Circuit acknowledges the appropriateness of granting an extension under some circumstances:  "'Congress plainly contemplated that the courts would be permitted, [when] appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'"  Fink v. Union Central Life Ins. Co., 65 F.3d 722, 724 (8th Cir. 1995) (quoting Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 388 (1993)).  However, an attorney's failure to understand or apply the appropriate procedural law is routinely rejected as "excusable."  Ceridian Corp. v. SCSC Corp., 212 F.3d 398, 404 (8th Cir. 2000). The Eighth Circuit has adopted the four factors set forth by Pioneer for determining whether an extension should be granted under Rule 4(a):  1) The danger of prejudice to the nonmovant, 2) the length of the delay and its potential impact on judicial proceedings, 3) the reason for the delay, including whether it was within the reasonable control of the movant, and 4) whether the movant acted in good faith.  Fink, 65 F.3d at 724 (quoting Pioneer, 507 U.S. at 395) The reason for the delay is of greatest weight and import.  Lowry v. McDonnel Douglas Corporation, 211 F.3d 457, 463 (8th Cir. 2000).

UND argues its reason for delay was simply a mistaken belief that the appeal had been perfected.  Such "garden-variety attorney inattention" is not a sufficient excuse.  Lowry, 211 F.3d at 464.  "'[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect.'"  Id. at 464 (quoting Pioneer, 507 U.S. at 392).  UND appears to claim that because it had sought certification under both § 1292(b) and Rule 54(b), its intent to seek both

permissive appeal and appeal as of right is obvious.  Additionally, UND claims the "complexity of 28 U.S.C. § 1292 certification and Rule 54(b) certification" created its inadvertent failure to file a proper notice of appeal, but UND does not cite any specific portion of either § 1292 or Rule 54(b) that led to such confusion.  The experienced counsel retained by UND were most likely aware that filing a Notice of Appeal is a prerequisite to an appeal as of right.  If not, the language of Rule 3, Fed. R. App. P., is clear: "An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district court clerk within the time allowed by Rule 4."  The misapplication of clear and unambiguous procedure rules cannot excuse counsel's failure to file a timely notice of appeal.  Lowry, 211 F.3d at 464.

UND fails to adequately address the Pioneer factors; specifically, it fails to provide an adequate excuse for its failure to timely file.  The action or inaction of UND's counsel, whether a strategic decision, an oversight, or a mistake in construing or implementing the rules, simply cannot be characterized as "excusable neglect" under Eighth Circuit precedent.  See Ceridian, 212 F.3d at 404; Lowry, 211 F.3d at 463.  Therefore, UND's alternative Motion for Extension of Time is **DENIED.**

The stay previously Ordered (doc. #347) is hereby **ORDERED** lifted.  Jury trial shall commence on October 8, 2007, at 9:30 a.m. in Courtroom 1 in Fargo, North Dakota.  Court will meet with counsel at 9:00 a.m. in Courtroom 1.

**IT IS SO ORDERED.**

Dated this 21st day of May, 2007.

    /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court